In the Matter of Disciplinary Proceedings Against
Rodney T. Carroll, Attorney at Law:

Office of Lawyer Regulation,
Complainant,

v.

Rodney T. Carroll,
Respondent.

Supreme Court

*No. 2004AP2055–D. Decided January 23, 2007.*

2007 WI 8

(Also reported in 726 N.W.2d 246.)

¶ 1. PER CURIAM.   This is a reciprocal discipline matter. Attorney Rodney T. Carroll became licensed to practice law in Iowa in 1999 and was admitted to practice law in Wisconsin in 2000. On August 2, 2004, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Attorney Carroll asking this court to impose reciprocal discipline identical to that imposed on Attorney Carroll by the Supreme Court of Iowa. That court temporarily suspended Attorney Carroll's Iowa law license on April 30, 2004. The temporary suspension in Iowa resulted from Attorney Carroll's conviction for second-degree felony theft and his fraudulent conversion of funds belonging to the Dubuque (Iowa) Arts Council.

¶ 2.   On October 19, 2004, pursuant to SCR 22.20, this court summarily suspended Attorney Carroll's license to practice law in Wisconsin due to his criminal conviction. Attorney Carroll's Wisconsin license has remained suspended through the date of this order.

¶ 3.   On September 22, 2006, the Supreme Court of Iowa issued an order revoking Attorney Carroll's license to practice law in Iowa. The Supreme Court of Iowa concluded that by converting funds belonging to the Dubuque Arts Council, Attorney Carroll had violated DR 1–102(A)(3),(4) & (6) of the Iowa Code of Professional Responsibility for lawyers. The court also stated that Attorney Carroll's felony conviction violated DR 1–102(A)(5), which prohibits conduct prejudicial to the administration of justice. It concluded that the serious and multiple nature of Attorney Carroll's conversion of funds required the revocation of his license to practice law in Iowa.

613

¶ 4. On October 12, 2006, this court issued an order to show cause directing Attorney Carroll to show cause in writing by November 1, 2006, why the imposition of reciprocal discipline identical to that imposed by the Supreme Court of Iowa would be unwarranted and why the costs of this disciplinary proceeding should not be imposed against him. Attorney Carroll failed to respond to the order to show cause.

¶ 5. On November 16, 2006, the OLR filed a report indicating that the costs of the proceeding to date were $1121.98. Attorney Carroll has not objected to the OLR's statement of costs.

¶ 6. SCR 22.22(3) provides that this court "shall impose the identical discipline or license suspension unless . . . [t]he procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process" violation; "[t]here was such an infirmity of proof establishing the misconduct . . . that [this court] could not accept as final" the other jurisdiction's misconduct finding; or "[t]he misconduct justifies substantially different discipline" here. Neither the OLR nor Attorney Carroll contends, nor does this court find, that any of these three exceptions exist in this case. Accordingly, the imposition of reciprocal discipline identical to that imposed by the Supreme Court of Iowa is required.

¶ 7. IT IS ORDERED that the license of Rodney T. Carroll to practice law in Wisconsin is revoked, effective the date of this order.

¶ 8. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Carroll shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶ 9. IT IS FURTHER ORDERED that Attorney Carroll shall comply, if he has not already done so, with

the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been revoked.